M’Girk, C. 3.,
delivered the opinion of the Court.
This was an action of trovar, brought by Easton to recover tlie value of a horse. The piaintiirj Ration, had judgment in the Court below. The bill of exceptions shows that a w.tness was cade 1 and examined on the part of the plainti/i) and that be state s he vva s well acquainted with the horse sued for, and that lie considered himself a gjo.l j t.lge of the value of horses; he was asked by the plaintiff what such a horse co.nuio i!y sold for; this was objected to, and the objection overruled, and the defend i;it excepted thereto. The plaintiff’s counsel then asked what !he horse was worth; which was in like manner ohjecled to, ovontiled and excepted io. The q tes'iio.) is, were tlie e questions proper? We think they wee. In matters of value, tlie judgment'' is generally regulated by tlie state of the market. The question was, what would the horse sell for? The answer to this would depend on a recollection of the s'a'e oi Uto market for like articles. The question then was asked, what the here was worth? The answer to this would generally depend on Ihe same p.ineiples as above stated, and it would be proper for the other side to cross-examine the witness, to show whether his estimates of value depended on a fancy of his own, or a recollection of the state of the market: if on his fancy only, then he would be entitled to less credit than in the other case.
The next point raised by the bill of exceptions, is, that the defendant sold the horse to one Gentry, and that the plaintiff told her son he might get the horse from Gently, if he could; that the son did take the horse, perforce, from Gentry, and that Gentry instantly re-look the horse. On this state of facts, the defendant’s counsel prayed the Court to instruct the jury, that this possession of the son, in pursuance of the instructions of the plaintiff, should go in mitigation of damages, to the amount of the value of the horse ; this instruction the Court refused, to which there is an exception. This refusal was right. The law speaks of a delivery, in mitigation of damages. Here, there was no re-delivery, and only a temporary, useless, inefficient possession, and one, too, in which the defendant had no will nor agency; yet he claims the benefit of it. The reason why the law allows a re-delivery to go in mitigation of damages, is, that the party has been restored to his former condition ; that the injury has been, in part repaired. Here there has, in fact and in substance, been no sort of reparation.
The judgment of the Circuit Court is affirmed, with costs.