J. J. KREHER, Appellant, v. I. M. MASON ET AL., Respondents.

St. Louis Court of Appeals, December 8, 1885.

1. OFFICERS—LEVY—DAMAGES—TRESPASS.—A sheriff who erroneously levies upon A's property under an attachment against B, does not exonerate himself from liability for the value of the property, or reduce the damages for the temporary detention, by merely releasing the levy without returning the property.

2. ———— A release of the levy and an offer to return the property after allowing the plaintiff a reasonable time within which to give an indemnity bond, will exonerate the sheriff from all liability except for the damages caused by the temporary detention of the property.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed and remanded.*

DAVID GOLDSMITH, for the appellant : "When an officer wrongfully exercises a right of dominion over personal property, he is guilty of a conversion. His liability for the conversion attaches at once, and can not be removed by any act of his unless by the assent of the owner of the property." Freem. Ex'ns. 442, sect. 272 ; *Livermore v. Northrup*, 44 N. Y. 107 ; *Woodbury v. Long*, 8 Pick. 543. "And however temporary the conversion may have been, it will suffice to render the defendants liable, for a conversion which has once taken place can not be cured." *Sparks v. Purdy*, 11 Mo. 223 ; *State v. McBride*, 81 Mo. 349. "Nor will a mere agreement, without consideration, to receive the property defeat the action or mitigate the damages where the injured party sees proper to disregard the agreement, and bring his suit for the conversion." *Norman v. Rogers*, 29 Ark. 369.

DYER, LEE & ELLIS, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This was an action for a trespass on, and conversion of, twenty barrels of whiskey. The case was tried before a court without a jury, and judgment was rendered for the plaintiff in the sum of five dollars, which was probably regarded as nominal damages. The plaintiff has appealed.

The parties differ in their statements of the facts. The plaintiff . states the facts to be in substance, that on the twenty-eighth of August, 1884, the defendant, Mason, as sheriff of the city of St. Louis, levied upon twenty barrels of whiskey belonging to the plaintiff, under an attachment sued out by the defendant, Roth, against the Jacob Ambs Distilling Company ; that the plaintiff made a claim in writing for the property under the statute ; that the defendant, Roth, failed to give an indemnifying bond to the defendant, Mason; that the defendant, Mason,

thereupon re-delivered eight barrels of the whiskey to the plaintiff, and afterwards, at what time does not appear, released the levy in writing on the attachment, but never re-delivered the remaining twelve barrels of the whiskey to the plaintiff."

The defendants, in addition to the foregoing facts, state the facts to be, that on the same day of the levy by the defendant, Mason, upon the twenty barrels of whiskey under the attachment sued out against the Jacob Ambs Distilling Company by the defendant, Roth, the sheriff levied a second attachment upon the same whiskey, sued out by Mihalovitch, Fletcher & Company against the Jacob Ambs Distilling Company ; that a like claim in writing was made by the plaintiff for the whiskey in respect to this second levy ; that a good and sufficient indemnifying bond was thereupon given by Mihalovitch, Fletcher & Company to the defendant, Mason, in consequence of which the defendant, Mason, returned twelve barrels of the whiskey under this second levy, it being sufficient to satisfy the claim of Mihalovitch, Fletcher & Company against the Jacob Ambs Distilling Company, and thereupon returned eight barrels of the whiskey to the plaintiff, and entered upon the writ in the Roth case a release of his levy in respect of the whole twenty barrels.

Upon the facts, as they are thus claimed to be by the defendants, they contend that the case stands substantially as though the defendant, Mason, had returned all the whiskey levied upon under the Roth attachment, to the plaintiff after giving Roth a reasonable time in which to procure an indemnifiying bond ; that the plaintiff's damages are merely such damages as may have accrued to him from the brief detention of the whiskey under the Roth attachment, and that any other right of recovery which he may have, must be pursued through an action, on the indemnifying bond or otherwise, in respect of the second levy. An opinion of the learned judge of the circuit court, set out in the brief of the counsel for the defendants, shows that this was substantially the view upon which he proceeded.

Unfortunately for this position, it is not admitted in the pleadings, nor is there any evidence in the record that the property was levied upon under a second attachment, a claim made, and an indemnifying bond given, as above recited. The facts, as disclosed by this record, are as the plaintiff's counsel states them to be, and not as the defendants' counsel states them to be. At the trial the plaintiff proved that the whiskey belonged to him; the court so found, and there is no controversy on that point.

The court, sitting as a jury, after giving, at the request of the plaintiff, two instructions to the general effect that if the whiskey belonged to the plaintiff he was entitled to recover, proceeded to state the measure of damages which he was entitled to recover, in the following instruction given of its own motion : "Although the court finds that the whiskey in controversy belonged to Kreher, and was levied upon by the sheriff· at the instance of defendant, Roth, and under the writ in his favor, yet if the court further finds that Kreher after the levy made claim for said property in said suit and in manner as provided by law, and thereupon, because no indemnity bond was given, the sheriff released the levy on the whiskey in question, as made under the attachment writ in favor of Roth, then the defendants in this suit are not liable in damages for the value of the twelve barrels of whiskey sued for, but only for such actual damages as the plaintiff sustained by reason of the levy and temporary detention of the property up to the date of the release of the Roth attachment."

This proposition, we take it, is not the law as applied to the facts disclosed by this record. We understand that the defendant, Mason, in levying upon the plaintiff's property under an attachment against another party, was guilty of a technical trespass and conversion of the property, and that a mere release of the levy would not, of itself, absolve him from liability to the plaintiff for the value of the property. It is true that a return of the property to the plaintiff, and an accept-

ance of it by him, would so absolve him, and mitigate his damages to those caused by the temporary detention. *Easton v. Woods*, 1 Mo. 506; *Sparks v. Purdy*, 11 Mo. 220.

We are also of opinion that where, after a levy, a person other than the defendant in the attachment or execution claims the property in writing under the statute, such claim is equivalent to a request to the sheriff to restore it to him, and if the sheriff offers to restore it, his position is as favorable in law as though without such a claim he had actually re-delivered it, and he will not be liable for its value, but only for the temporary detention. But here, according to the disclosures of this record, the defendant, Mason, made no offer to restore the twelve barrels of whiskey to the plaintiff, but carried it off to another place and has never tendered it back. Of course, a mere paper release of the levy made under the Roth attachment does not restore the plaintiff to what he has lost, so long as the goods which are levied upon are detained from him.

It results from these views that the judgment will have to be reversed and the cause remanded. The learned judge of the circuit court probably took the view he did from the fact that the second attachment was a matter of judicial knowledge to him from the records of his own court. But we can know only what appears from the face of this record, and this record does not show that a second attachment ever issued. On a second trial, the record in the second attachment suit may be put in evidence, and then the question may be raised which the learned counsel for the defendants press upon our attention when they ask us to consider, as their argument, the opinion filed in the cause by the learned judge of the circuit court. As that question is not presented by this record, we think that we ought not to anticipate it, but that we ought to limit ourselves to reversing the judgment of the circuit court and remanding the cause, for the reasons above stated.

It is so ordered. Lewis, P. J., concurs. Rombauer, J., takes no part in the decision, having been of counsel.